# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 10, 2021

| | |
|---|---|
| * * * * * * * * * * * * *  <br>KAREN GARRARD,              *  <br>                            *  <br>         Petitioner,       *  <br>v.                          *  <br>                            *  <br>SECRETARY OF HEALTH         *  <br>AND HUMAN SERVICES,         *  <br>                            *  <br>         Respondent.       *  <br>* * * * * * * * * * * * * | UNPUBLISHED  <br><br>No. 20-1331V  <br><br>Special Master Gowen  <br><br>Involuntary Dismissal; Failure  <br>to Prosecute; Rule 21(b). |

*Karen Garrard*, pro se, Travelers Rest, SC, for petitioner.
*Christine M. Becer,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On October 5, 2020, Karen Garrard ("petitioner"), acting *pro se*, filed a petition within the National Vaccine Injury Compensation Program.[2] Petitioner requests compensation under the Vaccine Act for injuries, including chronic inflammatory demyelinating polyneuropathy (CIDP), resulting from adverse effects of an influenza (flu) vaccination she received on October 5, 2017. The information in the record, however, does not show entitlement to an award from the Vaccine Program. Petitioner's claim is hereby dismissed for failure to prosecute and for insufficient proof.

### I.   Procedural History

On October 5, 2020, petitioner filed her petition accompanied by medical records organized as petitioner's exhibits ("Pet. Exs.") 1 – 6 (ECF No. 1). Petitioner requested

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

compensation under the Vaccine Act for injuries, including chronic inflammatory demyelinating polyneuropathy ("CIDP"), resulting from adverse effects of an influenza ("flu") vaccination she received on October 5, 2017. Petition at Preamble. Petitioner also filed a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). Based on the circumstances detailed in petitioner's motion, she has sufficiently demonstrated that she is unable to pay the Court's filing fee. Petitioner's application to proceed *in forma pauperis* is therefore granted.

On November 3, 2020, petitioner's claim was scheduled for an initial telephonic status conference. My law clerk reached petitioner at the telephone number provided in the petition to schedule the status conference. In addition, I issued an initial order, which provided the date, time, and dial-in instructions for the status conference. The initial order was mailed to petitioner's address on record.

The initial status conference was scheduled for Thursday, November 19, 2020 at 4:00 p.m. Eastern Time, and provided dial-in instructions. Petitioner did not join the status conference or answer multiple phone calls from my law clerk at the scheduled time. Petitioner was also directed to file the e-Notification Consent Form, however, petitioner did not complete this task.

Similar orders were issued on November 20, 2020 and December 15, 2020. Each order directed petitioner to return the e-Notification Consent Form, which would allow petitioner to submit and receive case filings via e-mail. Each order also directed petitioner to provide her availability for a telephonic status conference, during which I would review the evidence submitted and set further proceedings. Each order was mailed to petitioner's address on record. However, petitioner did not respond to these filings (by mail to the Court) or otherwise make any contact with my chambers (by contacting my law clerk at the telephone number or email address provided on the orders).

On January 13, 2021, I ordered petitioner to show cause why her claim should not be dismissed for failure to prosecute her claim by February 12, 2021. At a minimum, petitioner was required to complete and file the enclosed e-Notification Consent Form by submitting the form by e-mail to ProSe_case_filings@cfc.uscourts.gov, and then to file a status report providing her availability for an initial status conference to take place during the dates of March 1 – 5, 2021 and March 8 – 12, 2021. It was warned that petitioner's failure to respond to the order to show cause would result in involuntary dismissal of petitioner's claim for insufficient proof. However, petitioner has not responded to these filings or otherwise made any contact with my chambers.[3]

## II.   Analysis

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." A petitioner's inaction and failure to abide by a special master's order risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl.

---

[3] My law clerk has also called the telephone number listed on the petition, which goes straight to voicemail and identifies the number as belonging to someone other than the petitioner. Petitioner did not provide an email address.

Ct. 439, 442 (1992), *aff'd per curiam without opin.*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl 503, 505 (1996).  Here, petitioner has not made any filings or otherwise made contact with my chambers since November 3, 2020.  Petitioner has been afforded several unsolicited extensions of time and reminders to return the e-Notification Consent Form, which will allow her to submit and receive case filings by e-mail, and to provide her availability for a status conference, which would allow the Court and both parties to review the evidence submitted and set further proceedings.  The prior orders also warned that petitioner's continued failure to respond would result in her claim being dismissed.  Her failure to comply with orders or to make any contact with my chambers indicate a disinterest in pursuing her claim.

Additionally, petitioner's claim may properly be dismissed on substantive grounds.  A petitioner has the burden of establishing entitlement to compensation through one of two ways.  The first way is to establish that the vaccinee suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). In the present case, petitioner does not allege, nor do the medical records indicate, that petitioner suffered a Table Injury.

Thus, petitioner must proceed on the second route – she must establish that the vaccine actually caused (or "caused in fact") the onset or significant aggravation of a condition she suffered.  § 300aa-13(a)(1)(A).  Under the relevant test, petitioner must establish (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury.  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Petitioner alleges that as a result of the flu vaccination, she developed CIDP.  However, the medical records do not establish causation-in-fact and she has not filed an expert report.  Therefore, it is appropriate to dismiss petitioner's claim for insufficient proof.

### III. Conclusion

Petitioner's claim is **DISMISSED** for failure to prosecute and for insufficient proof.  Petitioner's motion to proceed *in forma pauperis* is **GRANTED.**  The Clerk of the Court is directed to enter judgment on this decision in the absence of a motion for review filed pursuant to RCFC Appendix B.[4]

The Clerk of Court is directed to send a copy of this decision to petitioner by regular first-class mail at the address provided on her petition and the case docket.

**IT IS SO ORDERED.**

s/ *Thomas L. Gowen*
**Thomas L. Gowen**
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).